```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Edward B. Bennett, # 191617, *aka Edward Billy Bennett*, | ) C/A No. 2:12-0742-TMC-JDA ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Report and Recommendation ) |
| Director SCDC William Byers; Warden Levern Cohen, *Ridgeland Correctional Institution*; John Does; Jane Does, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## *Background of this Case*

When Plaintiff originally filed this case, he was an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections. Plaintiff has been released from prison and is now a resident of North Charleston, South Carolina. Plaintiff has brought suit against the Director of the South Carolina Department of Corrections, the Warden of the Ridgeland Correctional Institution, unknown John Does, and unknown Jane Does. Plaintiff alleges that Defendants held him after the expiration of his sentence. Plaintiff contends that he should have been released on February 1, 2012, based on a well-known practice of the South Carolina Department of Corrections to release prisoners on the first day of the month of their scheduled release. According to Plaintiff, his correct

scheduled release date was February 9, 2012, and, hence, Plaintiff should have been released on February 1, 2012.

Plaintiff's basis for release is a "jail time" credit for the time he spent in the Chatham County Jail in Savannah, Georgia, when he was awaiting extradition to South Carolina. Plaintiff seeks damages for "Gross neglect" in the amount of three thousand dollars ($3000) per day plus ten million dollars ($10,000,000) in punitive damages. It is not clear from the record exactly when Plaintiff was released from prison, but ECF No. 10 indicates that Plaintiff was out of prison on March 15, 2012. If so, Plaintiff would be seeking, at the most, actual damages of one hundred twenty-six thousand dollars ($126,000)[1] and punitive damages of ten million dollars ($10,000,000).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v.*

---

[1]The actual date of Plaintiff's release cannot be determined from the current record in this case. Between February 1, 2012, and March 14, 2012, forty-two days passed. Plaintiff's request for damages of three thousand dollars ($3,000) per day would result in damages of one hundred twenty-six thousand dollars ($126,000), if Plaintiff had been kept in prison until March 14, 2012 ($3,000 x 42 = $126,000).

2

*Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321-23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Insofar as Plaintiff's demand to be released from prison is concerned, this case is moot. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–88 (4th Cir. 2007); *Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); and *cf. Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-47 (1971). A case is moot if a litigant's interest in the outcome of the action ceases before judgment. *United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). *See also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage.").

Even if Plaintiff were still in prison, he could not obtain release from prison in this civil rights action.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

As earlier stated, Plaintiff seeks monetary damages because Defendants negligently kept him in the South Carolina Department of Corrections after the expiration of his sentence.  Negligence is not actionable under 42 U.S.C. § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); and *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 199–203 (1989) (Due Process Clause of the Fourteenth Amendment does not transform every tort committed by a state actor into a constitutional violation).

In this civil action, Plaintiff cannot obtain a criminal investigation or criminal charges against Defendants.  *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases); and *Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981), which arose in South Carolina.  In *Leeke v. Timmerman*, inmates who were allegedly

beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. In *Leeke v. Timmerman*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *Leeke v. Timmerman*, 454 U.S. at 86–87. Moreover, in its opinion in *Leeke v. Timmerman*, the Supreme Court of the United States cited a similar precedent from the Supreme Court of South Carolina. *See Leeke v. Timmerman*, 454 U.S. at 87 n. 2, *citing State v. Addison*, 2 S.C. 356, 364 (1871).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

<u>s/Jacquelyn D. Austin</u>

March 30, 2012  Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).